UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND INOUE,<br><br>　　　　　Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>　　　　　Respondent. | Case No. 2:17-cv-03134-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

　　　This matter is before the court on Petitioner Raymond Inoue's failure to comply with the court's Order (ECF No. 5). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

　　　Mr. Inoue filed what he called "Petitioners Request for a Writ of Stay," on December 29, 2017, but did not pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Thus, the court entered an order instructing the Clerk of Court to mail Mr. Inoue a blank IFP application for incarcerated litigants. *See* Jan. 17, 2018 Order (ECF No. 3). The Order also explained that Inoue's petition challenged his removal and request for asylum in the immigration court or in administrative proceedings, and that judicial review of a removal order lies in the court of appeals, and not this court. The court therefore gave Mr. Inoue until February 16, 2018, to file a brief statement indicating whether he wished to withdraw his petition to avoid being assessed the filing fee after screening. Given his upcoming transfer to federal custody, the court specifically advised Inoue that "he must immediately file with the court written notification of any change of mailing address and contact information, and his failure to comply may result in sanctions, including dismissal of the action." *Id.* at 7 (citing LR IA 3-1; LSR 2-2; *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)). Mr. Inoue was further warned that his failure to comply with the

Order on or before February 16, 2018, by: (a) submitting a new IFP application, (b) paying the filing fee, or (c) filing a statement indicating he wished to withdraw his petition, would result in a recommendation to the district judge that this case be dismissed. *Id*. at 7–8.

Mr. Inoue subsequently filed a new IFP application (ECF No. 4). However, the court could not determine whether he qualified to proceed IFP in this case because he failed to include a copy of his inmate trust account statement. *See* Feb. 6, 2018 Order (ECF No. 5) at 3. The court again instructed the Clerk of Court to mail Mr. Inoue a blank IFP application for incarcerated litigants. *Id*. Mr. Inoue was ordered to submit a complete IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account on or before March 8, 2018, if he wished to proceed. *Id*. In the alternative, Inoue was allowed to pay the $400 filing fee on or before March 8, 2018. *Id*. The court cautioned Mr. Inoue again that his failure to comply with the Order by: (a) submitting a new IFP application, (b) paying the filing fee before the March 8, 2018 deadline would result in a recommendation to the district judge that this case be dismissed. *Id*.

To date, Mr. Inoue has failed to comply with this court's Order (ECF No. 5) and has not requested and extension of time to do so. Furthermore, a review of the docket shows that the Order (ECF No. 5) mailed to Mr. Inoue via U.S. Postal Service was returned stamped "Return to Sender; Attempted – Not Known; Unable to Forward; Reason: Parole."

For all of these reasons,

**IT IS RECOMMENDED** that:

1. The action be **DISMISSED** without prejudice to the plaintiff's ability to commence a new action in which he either pays the appropriate filing fee in full, or submits a completed application to proceed *in forma pauperis*.

2. The Clerk of the Court be instructed to close this case and to enter judgment accordingly.

Dated this 21st day of March, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.